**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Crystal M., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 25 cv 50230 |
| v. | ) | |
| | ) | Magistrate Judge Margaret J. Schneider |
| Frank Bisignano | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff, Crystal M., seeks review of the final decision of the Commissioner of the Social Security Administration denying her disability benefits. For the reasons set forth below, the Court grants Plaintiff's motion and remands this matter for further proceedings consistent with this Memorandum Opinion and Order.

**BACKGROUND**

**A. Procedural History**

On August 22, 2023, Crystal M. ("Plaintiff") filed a Title II application for disability and disability insurance benefits, alleging a disability beginning on May 5, 2023. R. 15. The Social Security Administration denied her application initially on April 9, 2024, and upon reconsideration on June 10, 2024. *Id*. Plaintiff filed a written request for a hearing, and on November 7, 2024, a telephonic hearing was held by Administrative Law Judge ("ALJ") Lana Johnson where Plaintiff appeared and testified. *Id*. Plaintiff was represented by counsel. *Id*. Mia Heikkila, an impartial vocational expert ("VE"), also appeared and testified. *Id*.

On December 20, 2024, the ALJ issued her written opinion denying Plaintiff's claim. R. 15-32. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-6. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [6]. Now before the Court are Plaintiff's motion to reverse and remand the Commissioner's decision [9], the Commissioner's response brief [10], and Plaintiff's reply [16].

### B. The ALJ's Decision

In her ruling, the ALJ applied the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 5, 2023, the alleged onset date. R. 17. At step two, the ALJ found that Plaintiff had the following severe impairments: posttraumatic stress disorder ("PTSD"); anxiety disorder; adjustment disorder; degenerative disc disease of the cervical spine; migraines; and vertigo. R. 17-19. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 19-21.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work except occasionally climb ramps, stairs, ladders, ropes, and scaffolds; occasionally balance, stoop, kneel, crouch, and crawl. The Plaintiff can frequently reach in all directions bilaterally. She is able to tolerate occasional exposure to very loud noise, bright flashing lights, dust, gases, odors, fumes, and pulmonary irritants. Plaintiff can understand, remember, and carry out simple routine instructions, and she is not able to have any interaction with the general public. R. 21-30. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. R. 30. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. R. 30-31. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from May 5, 2023, through the date of decision, December 20, 2024. R. 31.

### STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cain v. Bisignano*, No. 24-1590, 2025 WL 2202133, at *3 (7th Cir. Aug. 4, 2025) (quoting *Crowell v. Kijakazi*, 72 F.4th 810, 813 (7th Cir. 2023)). "Substantial evidence is 'more than a mere scintilla.'" *Biestek v. Berryhill*, 587 U.S. 97, 97, 103 (2019) (citations omitted). "Whatever the meaning of 'substantial' in other contexts," the Supreme Court has emphasized, "the threshold for such evidentiary sufficiency is not high." *Crowell*, 72 F.4th at 813 (quoting *Biestek*, 587 U.S. at 103) (citation modified). As such, the reviewing court takes a limited role and cannot displace the decision by reconsidering facts or evidence or by making independent credibility determinations, *id*. at 814 (citing *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)), and "confines its review to the reasons offered by the ALJ." *Green v. Astrue*, No. 11 CV 8907, 2013 WL 709642, at *7 (N.D. Ill. Feb. 27, 2013). As the Seventh Circuit has made clear, ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) (citations omitted). "All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id*. at 1054 (citation modified).

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025) (citation modified) (citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, re-weighing or resolving conflicts in the evidence, or deciding questions of credibility." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020). The court's "review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Id*. Additionally, an ALJ "need not specifically address every piece of evidence, but must provide a logical bridge between the evidence and his conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (citation modified) (citations omitted); *see also Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).

**DISCUSSION**

Plaintiff presents two issues for the Court's review. First, Plaintiff argues the ALJ failed to properly assess her migraines. Second, Plaintiff argues that the ALJ failed to properly account for her deficits in concentration, persistence, or pace. The Court finds that the ALJ failed to properly assess whether Plaintiff's migraines meet or equal a listing at step 3. Accordingly, the Court remands this decision for further proceedings.

Plaintiff argues that the ALJ failed to properly address where Plaintiff's migraines equaled a listed impairment. At step three of the ALJ's analysis, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meet or equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Plaintiff argues the ALJ erred in finding that she did not meet or equal listing 11.02. "The Listings involve cases where the impairment(s) is so severe that there is no need to evaluate the limits of what a claimant can actually do; thus, if a claimant satisfies the requirements of a Listing, she is presumptively disabled and no further consideration is required." *Cathy D.H. v. O'Malley*, No. 21 C 5992, 2024 WL 3177431, at *3 (N.D. Ill. June 26, 2024) (citations modified). "To meet or equal a listed impairment, the claimant must satisfy all of the criteria of the listed impairment. The claimant bears the burden of proving his condition meets or equals a listed impairment." *Maggard v. Apfel*, 167 F.3d 376, 380 (7th Cir. 1999) (citations omitted).

The Social Security Administration lists migraine headaches as a "primary headache disorder" and has provided specific guidance as to how migraines are to be evaluated in disability claims. SSR 19-4p. "Primary headache disorders are a collection of chronic headache illnesses characterized by repeated exacerbations of overactivity or dysfunction of pain-sensitive structures in the head. Examples of common primary headaches include migraines." SSR 19-4p ("Evaluating Cases Involving Primary Headache Disorders"). Primary headache disorder is not a listed impairment. However, "the most closely analogous listed impairment for [a medically determinable impairment] of a primary headache disorder" is epilepsy. Pursuant to SSR 19-4p, epilepsy is to be evaluated at step 3 under listing 11.02. *Id*. Plaintiff specifically relies on listing 11.02B. Under the Social Security guidance, in evaluating "whether a primary headache disorder is equal in severity and duration to the criteria in 11.02B," the ALJ is to consider certain factors such as a description of the headache events, frequently of headache events, adherence to treatment, side effects of treatment, and limitations in functioning. SSR 19-4p. Plaintiff argues the ALJ erred in failing to

3

mention this listing in her decision and instead "chose to vaguely discuss the neurological listings as a whole." [9], p. 11. In her decision, the ALJ recognized that migraine headaches are not a specifically designated listing but stated that neurological listings are a "source of comparison" to determine equivalence at step 3 of the required analysis. The ALJ noted that most of the neurological listings require an extreme limitation in the ability to stand, balance, walk, or use the upper extremities, and noted that Plaintiff had not exhibited any extreme limitation of function due to headaches, nor a marked limitation of physical functioning. R. 19-22. Plaintiff argues that no marked limitation is required to meet or equal an 11.02B listing. The Commissioner responds that no doctor found that Plaintiff met or equaled a listing, and that while migraines are considered under listing 11.02, that listing "includes the tall burden of showing a marked limitation in physical functioning or any of the paragraph B criteria." [10], p. 3.

The Court agrees that the ALJ provided an analysis of claimant's limitation in functional areas;[1] however, the ALJ's decision does not specify that the analysis was undertaken specifically pursuant to listing 11.02 – which allows for a claimant to meet or equal a listing under either 11.02B (an analysis *not* requiring findings of functional limitations), or 11.02D (requiring such analysis). *Blanca L. v Bisignano*, 2025 WL 4477145, at *5 (C.D. Ill. Nov. 10, 2025) ("In addition to the paragraph B criteria, ALJs must also consider the paragraph D criteria under Listing 11.02."). *See also Amy O. v. Kijakazi*, 2022 WL 16696266, at *3 (N.D. Ill. Nov. 3, 2022) ("Comparing the requirements of SSR 19-4p to the ALJ's Step Three discussion, it is clear to the Court that the ALJ did not adequately discuss all the relevant factors."). Here, the ALJ discussed Plaintiff's limitations under listing 11.00 generally, not 11.02, which SSR 19-4p plainly establishes is the relevant listing for migraines. *See* SSR19-4p. And by not identifying the appropriate listing, the ALJ did not address the relevant factors under listing 11.02B, which Plaintiff asserts is the relevant listing. At the step 3 analysis, "[a]n ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing in considering whether the claimant's condition equals a listed impairment." *Rachel L.B. v. Comm'r of Soc. Sec.*, 2026 WL 445784, at *3 (C.D. Ill. Feb. 17, 2026), citing *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015).

By failing to cite to listing 11.02, the listing most analogous to a primary headache disorder (here: migraines), the ALJ did not provide the proper analysis at step 3. The Court acknowledges that the ALJ did provide an analysis as to functional limitations, but by doing so under an umbrella 11.00 listing, the analysis was not properly tailored to Plaintiff and was not what is contemplated by SSR 19-4p. The Court makes no comment on the potential success of Plaintiff's argument on remand, only that the ALJ failed to provide the step 3 analysis under the proper listing. Plaintiff has raised additional arguments, but further analysis of these issues is not necessary because they would not change the result here and can be addressed more fully on remand. Plaintiff's counsel should raise all such issues with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

---

[1] As required under listing 11.02D.

**CONCLUSION**

For the foregoing reasons, the Court grants Plaintiff's motion and remands this matter for further proceedings consistent with this Memorandum Opinion and Order.

Date: March 19, 2026                    ENTER:

_____
United States Magistrate Judge